Judge Mills
delivered tbo Opinion of the Court.
The plaintiff in the court below, now appellee, declared against (be defendants, now appellants, in an action of covenant, on a writing in the following words:
“ For value received,/promise to pay John Lewis fifty pounds worth of horses, to be valued by Wiijjatn White arid Harman Nash, at their value as trading for land, to be paid on or before the first day of Nov ember, one thousand eight hundred and eleven. "Witness my hand and seal, this thirty-first day of October, 1809.
(Signed) George Bohannon, [seal.]

Julius Bohannon,”

Instrument set out in tho count.
Oyer and dc* sus"
Amendment-,
Demurrer andjudgment for plaintiff.
Declaration in covenant agamst two on a writing made prior to tho act of 1812, raising the dignity of unsealed writings. stating the sertcvi'bv'one only, is ill on °Jer and demutrcr“
'The breach assigned was the non payment of the liorses,
The declaration in setting out the instrument did it thus:
“The said .defendants by their certain covenant in -writing signed with their proper names, and sealed with the seal of the defendant George, and which is now to the court here shewn &c.”
The defendants craved oyer and demurred, in which the defendant joined, and the demurrer was susfained.
The plaintiff then obtained leave to amend his declaration, and did so, by striking out the words “seal of the defendant, George,” and inserting in lieu thereof, “sea) of the defendants.”
The defendants still retained their oyer and again demurred to the declaration, which the court then overruled; and the correctness of this last decision is first presented to us.
This writing having been executed previous to the act of assembly which has raised unsealed writings, to the dignity of sealed instruments, cannot be affected by any of its provisions, but must be tested by the law as it stood before the passage of the act.
It is very evident, that the first decision of the court was correct. For the plaintiff having declared in covenant against both, and stated the deed to be sealed by one only, could not sustain his action jointly. As to one, it was a covenant, and as to the other, a simple contract, and as the seal is essential t.o support covenant, and the defendant liable on simpie contract, could not be joined in covenant, it is clear the action could not be supported.
But as the plaintiff amended his declaration, and stated it to be scaled by both, his attitude was made fat* better. If the writing was not sealed in fact by both, it is evident that his action thereon could not be aided by this statement, which sets out the writing not according to the truth. The only question, then, which can arise in favor of the plaintiff on tills last demurrer is, could the court on oyer and demurrer, see that the instrument was not sealed by both, or was a plea necessary to contest the fact of its being (sealed by both? or in other words, must the instcu- *378 fiíeht déelaréíl cm as sealed appear upon oyér to liaré a seal al both signatures, to enable the plaiutiff to recover? .
One seal and sow one be sufident f«j =everal sicners, and sueharfin-” stmment is good in the ~Foron™ er ánd demurer, the court cannot say all did adopting or fixing the seal «mscrawl.
Special pleas, demurrer to plaiutiff.
On a joint démurrrr to seveitheíhe gooci the demurrer must be overruled.
Formerly seals were made by wax only; but an act of assembly of Ibis state has inade a scrawl aflixe('’ *n he.u °f a 8t-ah erlual t.o a seal, or to the same effect. When wax das th» only seal employed, any number of parties might use the same seal. Shepherd, in Ills Touchstone, page 55, says, if there be. twenty to seal one deed, and they ail seal upon one piece of wax and with one seal yet if they make disar|d several prints, this is a sufficient sealing and the deed is good. Modern authorities have-still gone farther, and decided that one may seal for the reS( w|th their consent; and the deed will he as bin-* ding as rr every one had put his several seal — and one may execute for the of her in nis presence, and afftx ]jU¿ one spa¡. Phil. j£y. 416; if then one seal on wax would be good for so many, and two or more might, affix but one seal, it follows that the same may happen with a scrawl and when an instrument with one seal and two or more signers, is alleged to he sealed by all, the court on demurrer is not. authorized to infer from there being but one seal, and two or more signers. that but one in fact sealed the instrument; arid the party who contends that it is uoé his seal, must reach the fact by way of plea, controverting the allegation — and as one seal may be the seal of many signers, the court from the Bare inspection of the paper and declaration, cannot decide that it is the Séal of one only.
The defendants, when they demurred to thé decíaration, fih-d also four special pléas, to all of which f |,e plaintiff demurred by one joint demurrer, and court sustained the demurrer and'awarded ara enquiry of damages, and upon the finding of the jury gave judgment for plaiutiff.
As the demurrer to all these pleas is a joint one¿ if any one of them is good, the demurrer ought to have been overruled. This Imposes upon us the necessity of examining the merits of each of these pleas.
Most bf them in substance allege that on the day the demand became duo, one of the defendants was *379 -¡ready at his, tisú a! place of residence, where he resided when the deed was executed, with horses.of the valué named in the deed, and then and there, at the uttermost convenient hour of the day, tendered them to the plaintiff, who did not astern] to receive them.
Plea oftendcrto a covenant: to pay SOL worth of horses, to be val» lied by W. and N. must shew, that tba defendant procured W. and N. to attend, and that the horses were of - the 50Í. value in their opio-s ion.
It is the duty of obligor in. such case to procure, the valuers.
Plea of readiness without a tender in such case-in» sufficient.
Plea of tender hut that tha property could not be valued by the persons in the covenant named, because one of them had died— held to be insufficient.
The first of these pleas we deem invalid, because it does not allege that he had horses there of the value called for in the writing,, according to the valuation of William White and Harman Nash. As the defendant was the agent, who was to perform, he had to. do all that could be done, without the concurrence. of the. plaintiff, and as the valuers were named it was his duty to procure their 'attendance, ami he tyas to tender horses not of the general value of fifty, pounds, bid horses of that value in the opinion of those valuers.
The ibird plea is alsio bad, for it alleges that the plaintiff did not procure the attendance of these valuers; as it vs as not his duty, but belonged to his ad-, versary to procure them, the plea evidently shews that the defendant did noj do all that he was bound to do.
The four»h does not allege a tender, but that the defendant was there ready with the horses of the requisite. value, but was prevented from tendering or discharging tlm covenant, because neither the val,, tiers nor the plaintiff attended As the valuers were to be -procured by the defendant, and no reason is shewn why they were not procured, the plea is evidently bad.
On the second plea there is more difficulty.. It is to this effect — ‘’That on the first day of November, 1811, he was ready at his own residence, where he ¡resided at the time of executing and delivering the contract, and of which the plaintiff had notice, with horses of the value of fifty pounds as trading for land, and then and there offered and tendered the same to plaintiff at the uttermost convenient time of the day in discharge of his said covenant, anjl that, lie the said defendant by the death of Harman'Nash, was prevented from procuring his attendance to value said horses, and the plaintiff, or any one for him did not attend to appoint other valuers-, or to re» cpive the same.”
Covenants imolicd, and Jn law may bo discharged by act of God, but express covenants soldura can.
Lessee covenanting to repair, must rebuild wlmt is destroyed by lightning.
Barry for appellant; Mayes for defendant.
This plea alleges that the defendant did all that be could do to discharge his contract, and that he was prevented from obtaining the valuers named? and it involves the question whether he could thus discharge his covenant, after the death of one of the valuers. After the most mature consideration, we. have concluded that he could not. '
This is an express stipulation. Covenants imp]!-, ed, and covenants in law, may be discharged by act of God; but express stipulations seldom can.
A lessee who has expressly covenanted to repair? is bound to do so, though tbe premises are destroyed by lightning; because it was his folly to stipulate against such inevitable events, and he is supposed to have covenanted against them, and to run the risk of their transpiring, it is then not more severe, to say that the defendants in this case, having stipulated expressly to pay property, according to the estimation of these men, must and did run the risk of pro» curing such valuation to be made, and being prevented from doing-so, they are not. discharged from rendering a compensation in damages, for a breach of their express stipulation.
The judgment must, therefore, be affirmed vviife costs and damages.